MICHAEL J MICELI, ESQ.
Nevada bar No. 10151
PITARO & FUMO, CHTD.
601 LAS VEGAS BOULEVARD, SOUTH
LAS VEGAS, NEVADA 89101
Phone: 702.474.7554 Fax: 702-474-4210
Email: kristine.fumolaw@gmail.com/michaeljmiceli@gmail.com
Attorney for Defendant
DANIEL NATHAN

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA, ) 2:19-mj-00368- VCF

Plaintiff,

v.

DANIEL NATHAN,

Defendant.

**MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO SATISFY REQUIREMENT OF PRETRIAL RELEASE**

COMES NOW, Defendant DANIEL NATHAN, by and through his counsel of record, MICHAEL J. MICELI, ESQ., of the law firm of PITARO & FUMO, CHTD., hereby submits the attached Points and Authorities in support of Defendant's Motion For Extension of Time for Defendant to Satisfy Requirement of Pretrial Release.

This Motion is made and based upon all the papers and pleadings on file herein, the attached points and authorities in support hereof, and oral argument at the time of hearing, if deemed necessary by this Honorable Court.

DATED this 26th day of September 2019.

PITARO & FUMO, CHTD.

**/S/ Michael J. Miceli, Esq.**
MICHAEL J. MICELI, ESQ.

## MEMORADUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

Mr. Nathan is currently charged by way of Criminal Complaint with one count of Conspiracy to Distribute a Controlled Substance (Cocaine) in violation of 21 U.S.C. 846, 841(a)(1) and 841 (b)(1)(B)(iii), he and was released on an personal recognizance bond on or about May 24, 2019. A term of his pretrial release was that he clear up any traffic warrants within 90 days. (PR Bond attached as Exhibit A). Mr. Nathan was having medical issues and was not able to clear up the warrants in the 90 days. Mr. Nathan met with counsel this morning and provided medical records, and counsel has filed motions to quash these warrants in the North Las Vegas Municipal Court as well as the Las Vegas Municipal Court. (Medical Records Attached as Exhibit B).

Usually it takes about one to two weeks to get a matter on calendar in front of a judge to discuss the quashing of the warrants. Mr. Nathan also has no income as of now because of his medical issues, and therefore will have problems paying the fines for the tickets. Counsel is going to request either credit for time served based on this instant case or community service that does not require physical labor. Mr. Nathan is asking this court to extend the time in which is able to quash his warrants, so that he is not found to be in violation of his pretrial release and face being remanded into custody over traffic warrants. Mr. Nathan is asking for an additional 30 days from today's date to quash his traffic warrants.

DATED this 26th day of September 2019.

PITARO & FUMO, CHTD.

**/S/ Michael J. Miceli, Esq.**
MICHAEL J. MICELI, ESQ.

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE
DATED: 9-30-2019

# CERTIFICATE OF SERVICE

On September 26, 2019, the undersigned caused a true and correct copy of the aforementioned **MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO SATISFY REQUIREMENT OF PRETRIAL RELEASE** via the ECF system.

PITARO & FUMO, CHTD.

**/S/ Michael J. Miceli, Esq. .**
MICHAEL J. MICELI, ESQ.

# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

District of Nevada

United States of America
v.
Daniel Terrell Nathan
*Defendant*

Case No. 2:19-mj-368-VCF

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: ______________________________
*Place*

______________________________

on ______________________________
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not be itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

19-mj-368

**SUPERVISION**

( ) (6) The defendant is placed in the custody of:

Person or organization ______

Address (*only if above is an organization*) ______

City and state ______ Tel. No. ______

______ (*only if above is an organization*)

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: ______ ______

*Custodian or Proxy* *Date*

(X) (7) The defendant shall report to: (X) **U.S. Pretrial Services Office** (X) Las Vegas 702-464-5630 ( ) Reno 775-686-5964
no later than: ______ ( ) **U.S. Probation Office** ( ) Las Vegas 702-527-7300 ( ) Reno 775-686-5980

( ) (8) The defendant is released on the conditions previously imposed.

**BOND**

( ) (9) The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: ______

( ) (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: ______

( ) (11) The defendant shall execute a bail bond with solvent sureties in the amount of $______.

**PENDING MATTERS**

(X) (12) The defendant shall satisfy all outstanding warrants within 90 days and provide verification to Pretrial Services or the supervising officer.

( ) (13) The defendant shall pay all outstanding fines within ______ days and provide verification to Pretrial Services or the supervising officer.

( ) (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised released.

**IDENTIFICATION**

( ) (15) The defendant shall use his/her true name only and shall not use any false identifiers.

( ) (16) The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**

( ) (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

( ) (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.

( ) (19) The defendant shall not obtain a passport or passport card.

(X) (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:

Travel is restricted to the following areas:

(X) Clark County, NV ( ) Washoe County, NV ( ) State of NV ( ) Continental U.S.A. (X) Other unless preapproved by PTS

( ) (21) The defendant may travel to ______ for the purpose of ______.

**RESIDENCE**

(X) (22) The defendant shall maintain residence at (X) current or ( ) at:
With mother
and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.

( ) (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.

( ) (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (25) The defendant shall return to custody each (week) day at ______ o'clock after being released each (week) day at ______ o'clock for employment, schooling, or the following purpose(s): ______

**EMPLOYMENT**

( ) (26) The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.

( ) (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.

( ) (28) The defendant shall not secure employment in the following field(s): ______

( ) (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

19-mj-3568

**EDUCATION/VOCATION**

( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

**CONTACT**

( ) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: ____________.

(X) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

**FIREARMS/WEAPONS**

(X) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

**SUBSTANCE ABUSE TESTING AND TREATMENT**

(X) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.

( ) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

(X) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

(X) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

( ) (41) The defendant shall refrain from any use of alcohol.

( ) (42) The defendant shall refrain from the excessive use of alcohol.

( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

(X) (44) The defendant shall not be in the presence of anyone using or possessing:

- (X) (44A) A narcotic drug or other controlled substances
- ( ) (44B) Alcohol
- ( ) (44C) Intoxicating substances or synthetics

( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**MENTAL HEALTH TREATMENT**

( ) (47) The defendant shall undergo medical or psychiatric treatment.

( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.

( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay determined by Pretrial Services or the supervising officer.

**LOCATION MONITORING**

( ) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

( ) (50A) Curfew.

The defendant is restricted to his/her residence every day from ________ to ____________ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.

( ) (50B) Home Detention.

The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

( ) (50C) Home Incarceration.

The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT: Daniel Terell Nathan CASE: 2:19-mj-368-VCF

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Daniel Nathan
*Defendant's Signature*

Las Vegas NV 89115
*City and State*

## Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 5/24/19

*Judicial Officer's Signature*

CAM FERENBACH
U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

# EXHIBIT B

WS Date: 7/25/19
Attn: ROBIN NRAHE
Fax # 702-486-1507

STATE OF NEVADA
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF WELFARE AND SUPPORTIVE SERVICES

# REPORT OF ILLNESS, INCAPACITY, OR DISABILITY

Participant Name: Daniel Nathan

Participant Case Number: ______ UPI Number: 9761 00200

Household Member Name (if different from above):

The Division of Welfare and Supportive Services needs your help in determining if Daniel Nathan can participate in employment or training activities that will advance their self-sufficiency.

Individuals applying for TANF are expected to participate full time in Employment & Training activities. We may be contacting you to clarify information that you provide.

The following questions are critical to making this assessment. Completion of this questionnaire to the fullest extent will provide the division with the information needed. Periodic updates will be requested.

This individual is participating in a self-sufficiency program called Temporary Assistance for Needy Families (TANF) and has __ months of cash assistance left. The division believes it is important for the participant and their family to prepare for the future.

Thank you very much for taking the time to assist this participant and his/her family.

## ILLNESS, INCAPACITY, OR DISABILITY INFORMATION

1. Nature of illness, incapacity or disability of patient in lay terms: Not able to work do to his CHF.
(Incapacity is defined to mean inability to work, attend training, or perform other regular daily activities due to the serious health condition, treatment, or recovery period.)
2. Is this a chronic condition requiring treatment? ☒ YES ☐ NO
3. If the condition is a chronic condition, describe whether the patient is presently incapacitated and what the likely duration and frequency of episodes of incapacity will be: PT duration is not Known
4. Is this a permanent/long-term condition? ☐ YES ☒ NO If YES, what is the expected duration?
5. Is this condition going to require any hospital care? ☒ YES ☐ NO If YES, when?

## WORK ACTIVITIES ABILITIES/LIMITATIONS

6. Is the patient able to attend training or perform work of any kind? ☐ YES ☒ NO
If NO, why not? Severe Cardiomyopathy / Valvular Heart dz
7. If limitations are necessary, what are they?
Shortness of breath

## DEPENDENT CARE *(Please fill out when applicable)*

8. Nature of illness, incapacity or disability of household member needing dependent care in lay terms:
9. Does this patient require assistance for basic medical, personal needs, safety, or transportation by client? ☐ YES ☐ NO
10. What is the probable duration of needed care?
11. Is this care needed on a ☐ part time ☐ full time basis?

SALVADOR G BORROMEO — 7/16/19
Physician's Signature — Date

Borromeo
Physician's Name (print)

4200 W. CHARLESTON BL LV NV 89102 — 702 569 2566
Address — Telephone Number

(Side 1) 2672 — EM (3/04)

Release of Information Statement: I authorize the release of medical information regarding me to be given to the Nevada State Division of Welfare and Supportive Services for the purposes of assessing my ability to work. I also authorize the release of my state and federal time limit information to be given to my physician with this form.

This completed form is necessary to determine eligibility for your case. Failure to provide this information may cause TANF cash assistance ineligibility if not received by __ - __ - ____.

Daniel Nathan — 7-3-2019

Participant's Signature — Date

Division Representative Signature/Title — Date

Division Representative Name (print) — 702 –

Telephone Number

Office – SNAPET Program / 701 N. Rancho Dr., Las Vegas, NV 89106

Make copies for: Participant
Physician
Suspense File

Patient Discharge General Information
**Reason for Visit:** CHF EXACERBATION, FLUID OVERLOADM DYSPNEA

**Allergies/Adverse Drug Reactions:** No Known Drug Intolerances

**Discharge Disposition:** 01 - HOME/SELF CARE ROUTINE

**Medical Problems**
Fluid overload
CHF (congestive heart failure)
Acute exacerbation of CHF (congestive heart failure)
Chest pain
Elevated brain natriuretic peptide (BNP) level
Hypertension
Lumbar strain
Chest pain, atypical
Dyspnea
Pericardial pain
CHF exacerbation
History of ventricular tachycardia
Diuretic-induced hypokalemia

**Care Team Members**
Paterno S Jurani, MD, PRIMARY CARE PHYSICIAN, FAMILY PRACTICE, (702)258-4900
Rowena E Achin, MD, ATTENDING, INTERNAL MEDICINE, (702)224-2555
Kiran Reddy, MD, ADMITTING, INTERNAL MEDICINE, (702)224-2555
SELF REFERRED, REFERRING
Aaron Dwight Gronseth, MD, EMERGENCY, EMERGENCY ROOM, (702)525-4727
Shahabuddin Khan, MD, CONSULTING, IM CARDIOLOGY, (702)240-6482
Shahabuddin Khan, MD, OTHER, IM CARDIOLOGY, (702)240-6482

***Additional Information***
**Forms**
Discharge Instructions
Discharge Instructions- Addtnl

Compiled on 07/01/19 at 5:14pm.





MountainView Hospital
Name: NATHAN,DANIEL T
Acct #: G00018988782 Room: G.4012
Unit #: G000540450 Admit date: 06/
Admit Dr: Reddy,Kiran MD

**Salvador G. Borromeo, M.D.**
American Board of Cardiology

**MOJAVE HEART & VASCULAR GROUP**

(702) 824-2307 • eFax (800) 579-9591

4200-A W. Charleston Blvd., Las Vegas, NV 89102

**YOUR NEXT APPOINTMENT**

Salvador G. Borromeo, M.D.
4200-A W. Charleston Blvd., Las Vegas, NV 89102

Date Sept. 10, 2019 - Tues. Follow
Time 1:30pm Up

Please give 24 hour notice for cancellations.